# Exhibit A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

NEWELL BRANDS INC., SUNBEAM PRODUCTS, INC., and Does 1-100, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

ARSEN SANASARYAN

| FOR COURT USE ONLY |
| --- |
| *(SOLO PARA USO DE LA CORTE)* |
| **Electronically FILED by Superior Court of California, County of Los Angeles 4/17/2024 12:29 PM David W. Slayton, Executive Officer/Clerk of Court, By N. Chambers, Deputy Clerk** |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of California

County of Los Angeles, North Valley District
9425 Penfield Avenue, Chatsworth, CA 91311

**CASE NUMBER:**
*(Número del Caso):*
**24CHCV01394**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Shoop | A Professional Law Corporation, 9701 Wilshire Blvd., #950, Beverly Hills CA 90212; (310)620-9533

| DATE: **04/17/2024** | Clerk, by | **N. Chambers** | , Deputy |
| --- | --- | --- | --- |
| *(Fecha)* | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify)*: **SUNBEAM PRODUCTS, INC.**

under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:

4. ☑ by personal delivery on *(date)*: 4/19/2024

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

David R. Shoop (SBN: 220576)
Thomas S. Alch (SBN: 136860)
**SHOOP | APLC**
9701 Wilshire Blvd., Suite 950
Beverly Hills, CA 90212
Telephone: (310) 620-9533
Facsimile: (310) 620-6330

Attorneys for Plaintiff,
**ARSEN SANASARYAN**

Electronically FILED by
Superior Court of California,
County of Los Angeles
4/17/2024 12:29 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By N. Chambers, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| ARSEN SANASARYAN | ) Case No. 24CHCV01394 |
| Plaintiffs, | ) |
| vs. | ) **COMPLAINT FOR DAMAGES FOR:** |
| | )   **1. NEGLIGENCE** |
| NEWELL BRANDS INC.; SUNBEAM | )   **2. STRICT PRODUCTS LIABILITY** |
| PRODUCTS, INC.; and DOES 1 through | )   **3. FAILURE TO RECALL/RETROFIT** |
| 100, inclusive, | )   **4. BREACH OF IMPLIED WARRANTY** |
| Defendants. | ) |
| | ) **DEMAND FOR JURY TRIAL** |

**COME NOW,** Plaintiff, **ARSEN SANASARYAN** (hereinafter referred to as "Plaintiff"), who hereby complains and alleges by way of his undersigned counsel, causes of action against Defendants, and each of them, as follows:

### THE PARTIES

1.    At all times herein mentioned, Plaintiff, ARSEN SANASARYAN (also referred to hereinafter as "Mr. Sanasaryan"), was and is a citizen and resident of the State of California, and intends to remain in California, with no intent to reside, live in or otherwise domicile in any State other than California.

1

COMPLAINT

2.    At all times herein mentioned, Defendant, NEWELL BRANDS, INC., was and is a duly organized corporation incorporated in Delaware and is and was authorized to conduct and was and is conducting business in California, and subject to the jurisdiction of this court.

3.    SUNBEAM PRODUCTS, INC., was and is a duly organized corporation incorporated in Delaware and is and was authorized to conduct and was and is conducting business in California, and subject to the jurisdiction of this court.

4.    At all times herein mentioned, Defendants, NEWELL BRANDS, INC., SUNBEAM PRODUCTS INC., and DOES 1 through 100, Inclusive, were and now are engaged in the business of researching, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing, marketing, warranting, re-branding, manufacturing for others, packaging, and advertising certain Crock-Pot pressure cookers, but not limited to the subject Model No. SCCPC804-V1 (hereinafter "Pressure Cooker") which was continuously owned and used by Plaintiff through and including April 20, 2022.

5.    At all times herein mentioned, Defendants, NEWELL BRANDS, INC., SUNBEAM PRODUCTS, INC., and DOES 1 through 100, Inclusive, were individuals, corporations, partnerships and/or unincorporated associations engaged in the business of manufacturing, fabricating, designing, assembling, distributing, buying, selling, inspecting, servicing, repairing, tracking, marketing, warranting, leasing, renting, supplying, modifying, maintaining, calibrating and testing the Subject Pressure Cooker.

6.    Plaintiffs are ignorant regarding the true names, identities or capacities, whether individual, associate, corporate or otherwise of Defendants, DOES 1 through 100, inclusive, who therefore sue said Defendants by such fictitious names. When the true names, identities or capacities of such fictitiously-designated Defendants are ascertained, Plaintiff will ask leave of Court to amend the Complaint to insert said true names, identities and capacities, together with the proper charging allegations.

7.    At all times herein mentioned, based upon information and belief, each of the Defendants was the agent, servant and/or employee of each of the remaining Defendants; and in doing or omitting to do the things herein alleged were acting within the course and scope of such agency, service and/or

2

COMPLAINT

employment with the permission and consent (implied, actual and/or constructive) of each principal; and each Defendant ratified the acts or omissions of each agent, servant and/or employee.

8. Plaintiff is informed and believe and thereon allege that each of the Defendants sued herein as a DOE is responsible in some manner for the events and happenings herein referred to, thereby legally causing the injuries and damages to the PLAINTIFF as herein alleged.

9. Plaintiff is informed and believe and upon such information and belief allege that at all times herein mentioned, Defendants and other Defendants named fictitiously, were the agents, servants, employees, joint-venturers, and co-partners of their said co-Defendants and, as such, were acting within the course and scope of such agency, service, partnership, venture, and employment at all times herein mentioned; that each and every Defendant, as aforesaid, when acting as a principal, was negligent in the selection and hiring of each and every other Defendant, as its agent, servant, employee, joint-venturer and partner. Further, each and every Defendant ratified the conduct of the other Defendants.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this matter because Defendants, and each of them, conduct business in the State of California and Los Angeles County.

11. Venue is proper in this Court pursuant to *California Code of Civil Procedure § 395(a)* because Plaintiff, ARSEN SANASARYAN, sustained injuries in Los Angeles County, at his home, located in Sun Valley, California.

## FACTUAL INTRODUCTION

12. On or about April 20, 2022, Plaintiff, Mr. Sanasaryan was using the Subject Pressure Cooker in the manner intended by Defendants, NEWELL BRANDS INC., SUNBEAM PRODUCTS, INC., and DOES 1 through 100, inclusive, and in a manner both foreseeable to and consistent with all instructions and directions received when he received the Subject Pressure Cooker from Defendants, NEWELL BRANDS INC., SUNBEAM PRODUCTS, INC., and DOES 21 through 100, inclusive.

On or about April 20, 2022, while using the Subject Pressure Cooker in the manner intended by Defendants, NEWELL BRANDS INC., SUNBEAM PRODUCTS, INC., and DOES 1 through 100,

COMPLAINT

inclusive, and in a manner both foreseeable to and consistent with all instructions and directions received when he received the Subject Pressure Cooker from Defendants, NEWELL BRANDS INC., SUNBEAM PRODUCTS, INC., and DOES 1 through 100, inclusive, Mr. Sanasaryan suffered severe and permanent burns when the lid of the Subject Pressure Cooker failed unexpectedly, catastrophically and without warning exploded spraying scalding hot liquid onto Mr. Sanasaryan's abdomen and torso. Specifically, and without limitation, Plaintiff was caused to suffer burns over his abdomen and torso. The Subject Product caused Plaintiff to suffer severe and permanent burns and scars to his body. Said burns and scars required hospitalization of the Plaintiff. Plaintiff will also require additional medical care.

## FIRST CAUSE OF ACTION
*(FOR NEGLIGENCE AGAINST DEFENDANTS, NEWELL BRANDS INC., SUNBEAM PRODUCTS, INC., AND DOES 1-100, INCLUSIVE)*

13.    Plaintiff hereby incorporates by reference Paragraphs 1 through 12 of this Complaint as though fully set forth herein.

14.    At all times herein mentioned, Defendants, NEWELL BRANDS INC., SUNBEAM PRODUCTS, INC., and Does 1-100, and each of them, were and are engaged in the business of researching, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing, marketing, warranting, testing, re-branding, manufacturing, packaging, and advertising the Subject Pressure Cooker.

15.    Defendants NEWELL BRANDS INC., SUNBEAM PRODUCTS, INC., and Does 1-100, and each of them, had a duty to exercise due care in researching, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing, marketing, warranting, re-branding, manufacturing for others, packaging, and advertising the Subject Pressure Cooker. Defendants, NEWELL BRANDS INC., SUNBEAM PRODUCTS, INC., and Does 1-100, and each of them, breached said duty of due care.

16.    At all times herein mentioned, Defendants, NEWELL BRANDS INC., SUNBEAM PRODUCTS, INC., and Does 1-100, and each of them, negligently and carelessly researched,

4

COMPLAINT

manufactured, fabricated, designed, modified, tested or failed to test, abated or failed to abate, warned or failed to warn of the health hazards, labeled, assembled, distributed, leased, bought, offered for sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted, re-branded, manufactured for others, packaged, and advertised the Pressure Cooker so that the Pressure Cooker failed and caused personal injuries to users, consumers, workers, bystanders, and others, including Plaintiff, Mr. Sanasaryan, herein while being used in a manner that was reasonably foreseeable, thereby rendering the Pressure Cooker unsafe and dangerous for its intended uses.

17.     Defendants, NEWELL BRANDS INC., SUNBEAM PRODUCTS, INC., and Does 1-100, and each of them, knew, or in the exercise of due care should have known, that the failure to exercise due care in the researching, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing, marketing, warranting, re-branding, manufacturing for others, packaging, and advertising the Pressure Cooker would cause, or would foreseeably result in, harm to intended and foreseeable users and bystanders including Plaintiff herein.

18.     Specifically, and without limitation, Defendants, NEWELL BRANDS INC., SUNBEAM PRODUCTS, INC., and Does 1-100, and each of them, were negligent in the researching, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing, marketing, warranting, re-branding, testing, warning, manufacturing for others, packaging, and advertising the Subject Pressure Cooker in that they failed to ensure that the Subject Pressure Cooker would not fail or explode causing scalding hot fluid when used as intended by or in a manner reasonably foreseeable to Defendants, NEWELL BRANDS INC., SUNBEAM PRODUCTS, INC., and Does 1-100, and each of them, thereby posing a risk of injury and so to actually cause injury as complained of herein.

19.     A manufacturer, seller and/or distributor of a product is under a duty to exercise reasonable care in its design of a product so that it can be safely used as intended by the buyer and/or consumer. (*Williams v. Beechnut Nutrition Corp.* (1986) 185 Cal.App.3d 135 at 141). This duty extends to all persons within the range or zone of potential danger.

20.    At all times and places mentioned herein, Defendants, NEWELL BRANDS INC., SUNBEAM PRODUCTS, INC., and Does 1-100, and each of them, owed a duty to Plaintiff, ARSEN SANASARYAN to exercise reasonable care in its design of the Subject Pressure Cooker so that the Subject Pressure Cooker could be safely used as intended. Defendants, NEWELL BRANDS INC., SUNBEAM PRODUCTS, INC., and Does 1-100, and each of them, were engaged in the business of designing, manufacturing, assembling, distributing, selling, testing, warning, and otherwise placing into the stream of commerce, coffee makers, including the Subject Pressure Cooker, for sale and use by members of the general public, and as such, Defendants, NEWELL BRANDS INC., SUNBEAM PRODUCTS, INC., and Does 1-100, and each of them, owed a duty to the general public and to Plaintiff, ARSEN SANASARYAN, to produce, design, manufacture, assemble, distribute, sell and otherwise place into the stream of commerce products, including the Subject Pressure Cooker, that were and are safe for their intended and foreseeable use, and free from defects.

21.    At all times mentioned herein, Defendants, NEWELL BRANDS INC., SUNBEAM PRODUCTS, INC., and Does 1-100, and each of them, engaged in the business of designing, manufacturing, assembling, testing, inspecting, warning, distributing, promoting, and selling for retail to members of the general public in the State of California a certain product, the Subject Pressure Cooker, which was sold with knowledge that same would be purchased and used without inspection of defect.

22.    At all times and places mentioned herein, Defendants, NEWELL BRANDS INC., SUNBEAM PRODUCTS, INC., and Does 1-100, and each of them, were engaged in the business of designing, marketing and otherwise placing into the stream of commerce said Subject Pressure Cooker for sale and use by members of the general public, and as such defendants, and each of them, owed the general public and Plaintiff, ARSEN SANASARYAN, a duty to design, market, promote and otherwise place into the stream of commerce products that are safe in their intended and foreseeable use.

23.    At all times and places mentioned herein, Defendants, NEWELL BRANDS INC., SUNBEAM PRODUCTS, INC., and Does 1-100, and each of them, negligently produced,

6

COMPLAINT

manufactured, assembled, designed, tested, failed to warn, distributed, marketed and sold the Subject Pressure Cooker in a defective and dangerous condition as described at length, hereinabove.

24. Defendants, NEWELL BRANDS INC., SUNBEAM PRODUCTS, INC., and Does 1-100, and each of them, breached their duty to the public and to Plaintiff, ARSEN SANASARYAN, by failing to design, assemble, test, manufacture, warn and otherwise fabricate the Subject Pressure Cooker so as to avoid its unsafe and hazardous operational characteristics and safety defects, amongst others.

25. As a direct and proximate result of the negligence of Defendants, NEWELL BRANDS INC., SUNBEAM PRODUCTS, INC., and Does 1-100, and each of them, as set forth above, Mr. Sanasaryan was severely injured as described herein described and suffered burns over his abdomen and torso, requiring debridement and further medical care.

26. As a direct and proximate result of the aforesaid negligence of Defendants, NEWELL BRANDS INC., SUNBEAM PRODUCTS, INC., and Does 1-100, and each of them, as set forth above, Plaintiff, Mr. Sanasaryan, has suffered permanent injuries to his person, body and health, all to his general damage in an amount in excess of the minimum jurisdictional limits of the above-entitled court.

27. As a direct and proximate result of the aforesaid negligence of Defendants, NEWELL BRANDS INC., SUNBEAM PRODUCTS, INC., and Does 1-100, and each of them, as set forth above, Plaintiff has incurred liability for physicians, surgeons, nurses, hospital care, medicine, hospices, X-rays and other medical treatment. Mr. Sanasaryan's medical expenses have thus far exceeded $75,000.

28. As a further direct and proximate result of the negligence of Defendants, NEWELL BRANDS INC., SUNBEAM PRODUCTS, INC., and Does 1-100, and each of them, as set forth above, Plaintiff, Mr. Sanasaryan, will be required to and will seek additional future medical care and assistance for treatment of his injuries and will thereby incur additional medical and other related expenses for care of his injuries. The true and exact amount his future medical expenses is unknown to Plaintiff at this time and Plaintiff prays leave to amend this Complaint accordingly when the true and exact amount thereof is ascertained.

COMPLAINT

29.    As a further direct and proximate result of the negligence of Defendants, NEWELL BRANDS INC., SUNBEAM PRODUCTS, INC., and Does 1-100, and each of them, as set forth above, Plaintiff, Mr. Sanasaryan, was rendered sick, sore, lame, disabled, and disordered, both internally and externally and suffered, among other things, burns over his abdomen and torso, requiring debridement and hospitalization, emotional distress, pain, discomfort, and anxiety. The exact nature and extent of said injuries are not known to the Plaintiff, Mr. Sanasaryan, who will pray for leave of the Court to insert the same when they are ascertained. Plaintiff, Mr. Sanasaryan, does not at this time know the exact duration or permanence of said injuries, but is informed and believes, and thereon alleges, that some of the said injuries are reasonably certain to be permanent in character.

30.    Prior to the occurrence of this accident, Plaintiff, Mr. Sanasaryan, was an able-bodied individual, but since said accident Plaintiff is informed and believes, and thereon alleges, that he will be permanently incapacitated to some extent and unable to perform certain types of work activities, all to Plaintiff's damage in an amount which is at present unascertained. Plaintiff will pray leave of Court to show the total amount of his loss of earnings capacity at the time of trial.

**SECOND CAUSE OF ACTION**
*(FOR STRICT LIABILITY AGAINST DEFENDANTS,*
*NEWELL BRANDS INC., SUNBEAM PRODUCTS, INC.*
*and Does 1-100, INCLUSIVE)*

31.    Plaintiff hereby incorporates herein by reference Paragraphs 1 through 30 of this Complaint as though fully set forth herein.

32.    Defendants, NEWELL BRANDS INC., SUNBEAM PRODUCTS, INC., and Does 1-100, and each of them, knew and intended that the Subject Pressure Cooke, would be used without inspection for defects therein or in any of its component parts and without knowledge of the hazards involved in such use.

33.    At all times herein mentioned, that Defendants, NEWELL BRANDS INC., SUNBEAM PRODUCTS, INC., and Does 1-100, and each of them, were engaged in the business of, amongst other things, manufacturing, fabricating, designing, controlling, assuring quality, assembling, distributing, warning, buying, selling, inspecting, servicing, repairing, marketing, warranting, leasing, renting, supplying, modifying, maintaining, calibrating and testing the Subject Pressure Cooker referenced

8
COMPLAINT

hereinabove and, as such, are strictly liable in tort for the defects and deficiencies herein discussed which caused injury to Plaintiff as alleged herein.

34. At all times herein mentioned, the Subject Pressure Cooker was defective and dangerous, both in manufacture and in design, thereby rendering the subject equipment unsafe for its intended use and that defects were a cause of injury to Plaintiff herein.

35. The Subject Pressure Cooker maker was and is unsafe for its intended purpose in that it failed unexpectedly, catastrophically and without warning when used as instructed by Defendants, NEWELL BRANDS INC., SUNBEAM PRODUCTS, INC., and Does 1-100, and each of them, or when used in a manner reasonably foreseeable to Defendants, NEWELL BRANDS INC., SUNBEAM PRODUCTS, INC., and Does 1-100, and each of them thereby causing serious and permanent injuries such as those suffered by Plaintiff herein. The defect existed in the Subject Pressure Cooker at the time it left the possession of the Defendants, NEWELL BRANDS INC., SUNBEAM PRODUCTS, INC., and Does 1-100, and each of them. Said product did, in fact, cause personal injuries, including those suffered by Plaintiff herein while being used in a reasonably foreseeable manner, thereby rendering the same defective, unsafe, and dangerous for use.

36. At all times mentioned herein, the Subject Pressure Cooker failed to perform as safely as an ordinary consumer would expect when used in an intended or reasonably foreseeable manner, and/or the risk of danger inherent in its design outweighed the benefits of said product.

37. At all times mentioned herein, the foreseeable use of the Subject Pressure Cooker involved a substantial danger not readily recognizable to an ordinary user, consumer, or bystander, including Plaintiff herein, but which danger was known or knowable to Defendants, NEWELL BRANDS INC., SUNBEAM PRODUCTS, INC., and Does 1-100, and each of them, who failed to adequately warn of the substantial danger.

38. At the time of the incident complained of, the Subject Pressure Cooker was in substantially the same condition as it was when it left possession of Defendants, NEWELL BRANDS INC., SUNBEAM PRODUCTS, INC., and Does 1-100, and each of them.

39. At the times and places mentioned herein, Defendants, NEWELL BRANDS INC., SUNBEAM PRODUCTS, INC., and Does 1-100, and each of them, and each of them, knew or should

9

COMPLAINT

have known at the time said Subject Pressure Cooker left their possession, that said product was defective in design and manufacture, that it did not meet users' and ordinary consumers' reasonable expectations for safety when used in a reasonably foreseeable manner, and was dangerous, defective, unfit and unsafe for its intended use and that said condition was likely to fail catastrophically as described at length hereinabove, when used in a foreseeable manner, and not properly and adequately tested or inspected.

40. The Subject Pressure Cooker had associated deficits, risks and defects, including but not limited to, its defective design, its lack of sufficient warnings and/or use instructions, and those additional items enumerated hereinabove.

41. These associated deficits, risks and defects were known or knowable by Defendants, NEWELL BRANDS INC., SUNBEAM PRODUCTS, INC., and Does 1-100, and each of them, via the use and employ of scientific knowledge available at the time of design, manufacture, testing, warning and distribution of the Subject Pressure Cooker.

42. The associated risks, deficits, and defects of the Subject Pressure Cooker presented a substantial danger to users of the product and that ordinary consumers would not have recognized or otherwise anticipated these associated risks.

43. Defendants, NEWELL BRANDS INC., SUNBEAM PRODUCTS, INC., and Does 1-100, and each of them, further failed to warn of the potential risks and hazards associated with the Subject Pressure Cooker when used in a way that was reasonably foreseeable to Defendants, NEWELL BRANDS INC., SUNBEAM PRODUCTS, INC., and Does 1-100, and each of them. Any warnings provided were inadequate, defective and inappropriate. This lack of sufficient use instructions and/or warnings was a substantial factor in causing injuries and damage to Plaintiff, as herein alleged.

44. At the times and places mentioned herein, Defendants, NEWELL BRANDS INC., SUNBEAM PRODUCTS, INC., and Does 1-100, and each of them, knew or should have known at the time the Subject Pressure Cooker left said defendants' possession, that the Subject Pressure Cooker was defective in its warnings, design and manufacture, likely to perform unsafely in a manner unanticipated by a prudent user, and having such knowledge, Defendants, NEWELL BRANDS INC.,

10

COMPLAINT

SUNBEAM PRODUCTS, INC., and Does 1-100, and each of them, should have used reasonable care to warn, or give adequate use instructions and warning of the Subject Pressure Cooker's defects and deficits in design and operational characteristics to those intending to use said Subject Pressure Cooker, in the manner in which it was intended to be used.

45.    At all times and places mentioned herein, Defendants, NEWELL BRANDS INC., SUNBEAM PRODUCTS, INC., and Does 1-100, and each of them, failed to adequately warn, give adequate use instructions or warnings to provide facts describing the Subject Pressure Cooker's dangerous propensities to those whom they could expect to use the product or be endangered by its probable use, and such deficits and defects as illustrated hereinabove were a substantial factor in causing injury and harm to Plaintiff, Mr. Sanasaryan.  The foreseeable risks of catastrophic failure associated with the design of the Subject Pressure Cooker outweighed any benefits associated with the Subject Pressure Cooker's design.

46.    As a direct and proximate result of the conduct of Defendants, NEWELL BRANDS INC., SUNBEAM PRODUCTS, INC., and Does 1-100, and each of them, as set forth above, Mr. Sanasaryan was severely injured as described herein described and suffered burns over his abdomen and torso, requiring debridement and hospitalization.

47.    As a direct and proximate result of the aforesaid conduct of Defendants, NEWELL BRANDS INC., SUNBEAM PRODUCTS, INC., and Does 1-100, and each of them, as set forth above, Plaintiff, Mr. Sanasaryan, has suffered permanent injuries to his person, body and health, all to his general damage in an amount in excess of the minimum jurisdictional limits of the above-entitled court.

48.    As a direct and proximate result of the aforesaid conduct Defendants, NEWELL BRANDS INC., SUNBEAM PRODUCTS, INC., and Does 1-100, and each of them, as set forth above, Plaintiff has incurred liability for physicians, surgeons, nurses, hospital care, medicine, hospices, X-rays and other medical treatment.  Mr. Sanasaryan's medical expenses have thus far exceeded $75,000.

49.    As a further direct and proximate result of the conduct of Defendants, NEWELL BRANDS INC., SUNBEAM PRODUCTS, INC., and Does 1-100, and each of them, as set forth

COMPLAINT

above, Plaintiff, Mr. Sanasaryan, will be required to and will seek additional future medical care and assistance for treatment of his injuries and will thereby incur additional medical and other related expenses for care of his injuries. The true and exact amount his future medical expenses is unknown to Plaintiff at this time and Plaintiff prays leave to amend this Complaint accordingly when the true and exact amount thereof is ascertained.

50. As a further direct and proximate result of the conduct of Defendants, NEWELL BRANDS INC., SUNBEAM PRODUCTS, INC., and Does 1-100, and each of them, as set forth above, Plaintiff, Mr. Sanasaryan, was rendered sick, sore, lame, disabled, and disordered, both internally and externally and suffered, among other things, burns over his abdomen and torso, requiring debridement and further medical care, emotional distress, pain, discomfort, and anxiety. The exact nature and extent of said injuries are not known to the Plaintiff, Mr. Sanasaryan, who will pray for leave of the Court to insert the same when they are ascertained. Plaintiff, Mr. Sanasaryan, does not at this time know the exact duration or permanence of said injuries, but is informed and believes, and thereon alleges, that some of the said injuries are reasonably certain to be permanent in character.

51. Prior to the occurrence of this accident, Plaintiff, Mr. Sanasaryan, was an able-bodied individual, but since said accident Plaintiff is informed and believes, and thereon alleges, that he will be permanently incapacitated to some extent and unable to perform certain types of work activities, all to Plaintiff's damage in an amount which is at present unascertained. Plaintiff will pray leave of Court to show the total amount of his loss of earnings capacity at the time of trial.

### THIRD CAUSE OF ACTION
*(FOR BREACH OF IMPLIED WARRANTY AGAINST DEFENDANTS, NEWELL BRANDS INC., SUNBEAM PRODUCTS, INC., and Does 1-100, INCLUSIVE)*

52. Plaintiffs hereby incorporate herein by reference Paragraphs 1 through 51 of this Complaint as though fully set forth herein.

53. Plaintiff, ARSEN SANASARYAN, purchased the Subject Pressure Cooker which was manufactured and placed into the stream of commerce by Defendants, NEWELL BRANDS INC., SUNBEAM PRODUCTS, INC., and Does 1-100, and each of them.

54. At all times mentioned herein, Defendants, NEWELL BRANDS INC., SUNBEAM

12

COMPLAINT

PRODUCTS, INC., and Does 1-100, and each of them,, and each of them, were and are corporations engaged in the business of marketing, designing, manufacturing, fabricating, distributing and selling of the Subject Pressure Cooker and related equipment for the sale and use by members of the public, including Plaintiff, ARSEN SANASARYAN.

55. Plaintiff, ARSEN SANASARYAN, hereby allege that the Subject Pressure Cooker was not of the same quality as those generally acceptable in the trade, were not fit for the ordinary purposes for which such products are used, were not adequately labeled as such and did not measure up to the promises or facts stated in the sales literature and communications by and from Defendants, NEWELL BRANDS INC., SUNBEAM PRODUCTS, INC., and Does 1-100, and each of them.

56. Defendants NEWELL BRANDS INC., SUNBEAM PRODUCTS, INC., and Does 1-100, and each of them, impliedly warranted that the Subject Pressure Cooker which Defendants, NEWELL BRANDS INC., SUNBEAM PRODUCTS, INC., and Does 1-100, and each of them, designed, manufactured, assembled, promoted and sold to Plaintiff, ARSEN SANASARYAN, was merchantable and fit and safe for ordinary use.

57. Defendants, NEWELL BRANDS INC., SUNBEAM PRODUCTS, INC., and Does 1-100, and each of them, further impliedly warranted that the Subject Pressure Cooker which Defendants, NEWELL BRANDS INC., SUNBEAM PRODUCTS, INC., and Does 1-100, and each of them, designed, manufactured, assembled, promoted and sold to Plaintiff, ARSEN SANASARYAN, was fit for the particular purposes for which it was intended and sold.

58. Contrary to these implied warranties, the Subject Pressure Cooker was defective, unmerchantable and unfit for its ordinary use when sold, and unfit for the particular purpose for which it was sold, and as a result, caused severe and permanent injury to Plaintiffs as above-described.

59. As a direct and proximate result of the conduct of Defendants, NEWELL BRANDS INC., SUNBEAM PRODUCTS, INC., and Does 1-100, and each of them, as set forth above, Mr. Sanasaryan was severely injured as described herein described and suffered burns over his abdomen and torso, requiring debridement and hospitalization.

60. As a direct and proximate result of the aforesaid conduct of Defendants, NEWELL BRANDS INC., SUNBEAM PRODUCTS, INC., and Does 1-100, and each of them, as set forth

13

above, Plaintiff, Mr. Sanasaryan, has suffered permanent injuries to his person, body and health, all to his general damage in an amount in excess of the minimum jurisdictional limits of the above-entitled court.

61.    As a direct and proximate result of the aforesaid conduct Defendants, NEWELL BRANDS INC., SUNBEAM PRODUCTS, INC., and Does 1-100, and each of them, as set forth above, Plaintiff has incurred liability for physicians, surgeons, nurses, hospital care, medicine, hospices, X-rays and other medical treatment. Mr. Sanasaryan's medical expenses have thus far exceeded $75,000.

62.    As a further direct and proximate result of the conduct of Defendants, NEWELL BRANDS INC., SUNBEAM PRODUCTS, INC., and Does 1-100, and each of them, as set forth above, Plaintiff, Mr. Sanasaryan, will be required to and will seek additional future medical care and assistance for treatment of his injuries and will thereby incur additional medical and other related expenses for care of his injuries. The true and exact amount his future medical expenses is unknown to Plaintiff at this time and Plaintiff prays leave to amend this Complaint accordingly when the true and exact amount thereof is ascertained.

63.    As a further direct and proximate result of the conduct of Defendants, NEWELL BRANDS INC., SUNBEAM PRODUCTS, INC., and Does 1-100, and each of them, as set forth above, Plaintiff, Mr. Sanasaryan, was rendered sick, sore, lame, disabled, and disordered, both internally and externally and suffered, among other things, degree burns over his abdomen and torso, requiring debridement and further medical care, emotional distress, pain, discomfort, and anxiety. The exact nature and extent of said injuries are not known to the Plaintiff, Mr. Sanasaryan, who will pray for leave of the Court to insert the same when they are ascertained. Plaintiff, Mr. Sanasaryan, does not at this time know the exact duration or permanence of said injuries, but is informed and believes, and thereon alleges, that some of the said injuries are reasonably certain to be permanent in character.

64.    Prior to the occurrence of this accident, Plaintiff, Mr. Sanasaryan, was an able-bodied individual, but since said accident Plaintiff is informed and believes, and thereon alleges, that he will be permanently incapacitated to some extent and unable to perform certain types of work activities, all to Plaintiff's damage in an amount which is at present unascertained. Plaintiff will pray leave of Court to

14

COMPLAINT

show the total amount of his loss of earnings capacity at the time of trial.

## FOURTH CAUSE OF ACTION
*(NEGLIGENCE - FAILURE TO RECALL/RETROFIT AGAINST DEFENDANTS, NEWELL BRANDS INC., SUNBEAM PRODUCTS, INC., and Does 1-100, INCLUSIVE)*

65.     Plaintiff hereby incorporates herein by reference Paragraphs 1 through 64 of this Complaint as though fully set forth herein.

66.     Prior to, on, and after the date of ARSEN SANASARYAN's burn injury, and at all relevant times, Defendants, NEWELL BRANDS INC., SUNBEAM PRODUCTS, INC., and Does 1-100, and each of them, designed, manufactured, sold, and marketed the Subject Pressure Cooker for use by consumers, such as Plaintiff, in the United States.

67.     Prior to, on, and after the date of ARSEN SANASARYAN's burn injuries, and at all relevant times, Defendants, NEWELL BRANDS INC., SUNBEAM PRODUCTS, INC., and Does 1-100, and each of them, knew or reasonably should have known that the Subject Pressure Cooker and its warnings was dangerous or was likely to be dangerous when used in a reasonably foreseeable manner.

68.     Prior to, on, and after the date of ARSEN SANASARYAN's burn injuries, and at all relevant times, Defendants, NEWELL BRANDS INC., SUNBEAM PRODUCTS, INC., and Does 1-100, and each of them, became aware of the defects of the Subject Pressure Cooker, including but not limited to the proclivity of the Subject Pressure Cooker to spray scalding hot water onto users resulting in severe burn injuries to users who used the product in an intended or reasonably foreseeable manner.

69.     Defendants, NEWELL BRANDS INC., SUNBEAM PRODUCTS, INC., and Does 1-100, and each of them, failed to recall, retrofit, or warn consumers about the danger of the Subject Pressure Cooker prior to, on, and after the date of ARSEN SANASARYAN's burn injuries.

70.     In light of the severity and amount of the complaints transmitted to Defendants, NEWELL BRANDS INC., SUNBEAM PRODUCTS, INC., and Does 1-100, and each of them and the additional available data, reasonable manufacturers and distributors under the same or similar circumstances would have recalled or retrofitted the Subject Pressure Cooker and would thereby have avoided and prevented harm to scores of consumers.

COMPLAINT

71. As a direct and proximate result of the above-referenced negligent failure to recall or retrofit, Plaintiff suffered the injuries described herein.

72. The negligent failure of Defendants, NEWELL BRANDS INC., SUNBEAM PRODUCTS, INC., and Does 1-100, and each of them, to recall or retrofit the Subject Pressure Cooker, and their failure to furnish timely and adequate warnings were substantial factors in causing Plaintiff's injuries and damages, as described herein.

73. As a direct and proximate result of the conduct of Defendants, NEWELL BRANDS INC., SUNBEAM PRODUCTS, INC., and Does 1-100, and each of them, as set forth above, Mr. Sanasaryan was severely injured as described herein described and suffered burns over his abdomen and torso, requiring debridement and hospitalization.

74. As a direct and proximate result of the aforesaid conduct of Defendants, NEWELL BRANDS INC., SUNBEAM PRODUCTS, INC., and Does 1-100, and each of them, as set forth above, Plaintiff, Mr. Sanasaryan, has suffered permanent injuries to his person, body and health, all to his general damage in an amount in excess of the minimum jurisdictional limits of the above-entitled court.

75. As a direct and proximate result of the aforesaid conduct Defendants, NEWELL BRANDS INC., SUNBEAM PRODUCTS, INC., and Does 1-100, and each of them, as set forth above, Plaintiff has incurred liability for physicians, surgeons, nurses, hospital care, medicine, hospices, X-rays and other medical treatment. Mr. Sanasaryan's medical expenses have thus far exceeded $75,000.

76. As a further direct and proximate result of the conduct of Defendants, NEWELL BRANDS INC., SUNBEAM PRODUCTS, INC., and Does 1-100, and each of them, as set forth above, Plaintiff, Mr. Sanasaryan, will be required to and will seek additional future medical care and assistance for treatment of his injuries and will thereby incur additional medical and other related expenses for care of his injuries. The true and exact amount his future medical expenses is unknown to Plaintiff at this time and Plaintiff prays leave to amend this Complaint accordingly when the true and exact amount thereof is ascertained.

77. As a further direct and proximate result of the conduct of Defendants, NEWELL BRANDS INC., SUNBEAM PRODUCTS, INC., and Does 1-100, and each of them, as set forth above, Plaintiff, Mr. Sanasaryan, was rendered sick, sore, lame, disabled, and disordered, both internally and

COMPLAINT

externally and suffered, among other things, burns over his abdomen and torso, requiring debridement and hospitalization, emotional distress, pain, discomfort, and anxiety. The exact nature and extent of said injuries are not known to the Plaintiff, Mr. Sanasaryan, who will pray for leave of the Court to insert the same when they are ascertained. Plaintiff, Mr. Sanasaryan, does not at this time know the exact duration or permanence of said injuries, but is informed and believes, and thereon alleges, that some of the said injuries are reasonably certain to be permanent in character.

78.    Prior to the occurrence of this accident, Plaintiff, Mr. Sanasaryan, was an able-bodied individual, but since said accident Plaintiff is informed and believes, and thereon alleges, that he will be permanently incapacitated to some extent and unable to perform certain types of work activities, all to Plaintiff's damage in an amount which is at present unascertained. Plaintiff will pray leave of Court to show the total amount of his loss of earnings capacity at the time of trial.

WHEREFORE, PLAINTIFF prays for judgment and relief against the defendants, and each of them, as follows:

1.    For general damages in an amount within the jurisdictional limits of this court;

2.    Past, future medical and related items of expense, according to proof;

3.    For loss of future earnings and earning capacity, according to proof;

4.    For prejudgment interest;

5.    For costs of suit and attorney fees, if awarded by the court, incurred herein; and

6.    For such other and further relief as to the Court appears just and proper.

DATED: April 17, 2024                    SHOOP A PROFESSIONAL LAW CORP.


                                         David R. Shoop, Esq.
                                         Thomas S. Alch, Esq.
                                         Attorneys for Plaintiff, ARSEN SANASARYAN

17

COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury as to all issues so triable.

DATED: April 17, 2024                    **SHOOP A PROFESSIONAL LAW CORP.**

David R. Shoop, Esq.
Thomas S. Alch, Esq.
Attorneys for Plaintiff, ARSEN SANASARYAN

18
COMPLAINT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| David R. Shoop (SBN 220576); Thomas S. Alch (SBN 136860)<br>SHOOP \| A PROFESSIONAL LAW CORPORATION<br>9701 Wilshire Blvd., Suite 950, Beverly Hills, CA 90212<br>TELEPHONE NO.: (310) 620-9533    FAX NO.: (310) 620-6330<br>EMAIL ADDRESS: thomas.alch@shooplaw.com<br>ATTORNEY FOR *(Name):* Plaintiff, Arsen Sanasaryan | **Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>4/17/2024 12:29 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By N. Chambers, Deputy Clerk** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 9425 Penfield Avenue
MAILING ADDRESS: 9425 Penfield Avenue
CITY AND ZIP CODE: Chatsworth, CA 91311
BRANCH NAME: North Valley District - Chatsworth Courthouse

CASE NAME:
SANASARYAN v. NEWELL BRANDS INC., at al.

| CIVIL CASE COVER SHEET<br>[x] Unlimited    [ ] Limited<br>(Amount       (Amount<br>demanded     demanded is<br>exceeds $35,000)   $35,000 or less) | Complex Case Designation<br>[ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>24CHCV01394<br>JUDGE:<br>DEPT.: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [x] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | [ ] Enforcement of judgment (20) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Miscellaneous Civil Complaint** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] RICO (27) |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Fraud (16) | [ ] Residential (32) | **Miscellaneous Civil Petition** |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Partnership and corporate governance (21) |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Other petition *(not specified above)* (43) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. [ ] Large number of separately represented parties
  b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
  c. [ ] Substantial amount of documentary evidence
  d. [ ] Large number of witnesses
  e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
  f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):*
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: 4/17/2024
Thomas S. Alch
  (TYPE OR PRINT NAME)         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.    Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2024] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |
|---|---|---|

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                    CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

CM-010 [Rev. January 1, 2024]                    **CIVIL CASE COVER SHEET**                    Page 2 of 2

| SHORT TITLE | CASE NUMBER |
|---|---|
| SANASARYAN v. NEWELL BRANDS INC., et al | |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | | |
|---|---|---|
| 1. | Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. | Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. | Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. | Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. | Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. | Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| SANASARYAN v. NEWELL BRANDS INC., et al | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☑ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| SANASARYAN v. NEWELL BRANDS INC., et al | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br>Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE | CASE NUMBER |
|---|---|
| SANASARYAN v. NEWELL BRANDS INC., et al | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation (Continued)** | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 01/23      **CIVIL CASE COVER SHEET ADDENDUM**      LASC Local Rule 2.3
For Mandatory Use      **AND STATEMENT OF LOCATION**

| SHORT TITLE | CASE NUMBER |
|---|---|
| SANASARYAN v. NEWELL BRANDS INC., et al | |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON: ☐ 1. ☐ 2. ☐ 3. ☑ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | ADDRESS: 9857 La Tuna Canyon Rd. |
|---|---|

| CITY: Sun Valley | STATE: CA | ZIP CODE: 91352 | |
|---|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the __North Valley__ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: __04/16/2024__

_(signature)_

_____
(SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| **COURTHOUSE ADDRESS:**<br>Chatsworth Courthouse<br>9425 Penfield Avenue, Chatsworth, CA 91311 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**04/17/2024**<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ N. Chambers _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |

| | CASE NUMBER: |
|---|---|
| Your case is assigned for all purposes to the judicial officer indicated below. | 24CHCV01394 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✓ | Melvin D. Sandvig | F47 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record    David W. Slayton, Executive Officer / Clerk of Court

on 04/17/2024 _____    By N. Chambers _____, Deputy Clerk
       (Date)

LACIV 190 (Rev 6/18)    **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

LACIV 190 (Rev 6/18)          **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06



# Superior Court of California, County of Los Angeles

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or decision by a judge or jury.

### Main Types of ADR

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may _not_ be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

**How to Arrange Mediation in Los Angeles County**

Mediation for **civil cases** is voluntary and parties may select any mediator they wish.  Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   • **ADR Services, Inc.** Assistant Case Manager Janet Solis, janet@adrservices.com
     (213) 683-1600
   • **Mediation Center of Los Angeles** Program Manager info@mediationLA.org
     (833) 476-9145

   **These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept.  Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

   **NOTE:  The Civil Mediation Vendor Resource List program does not accept family law, probate, or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs.** Los Angeles County-funded agencies provide mediation services on the day of hearings in small claims, unlawful detainer (eviction), civil harassment, and limited civil (collections and non-collection) cases. https://dcba.lacounty.gov/countywidedrp/

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case. https://my.lacourt.org/odr/

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome.  In "binding" arbitration, the arbitrator's decision is final; there is no right to trial.  In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.  For more information about arbitration, visit https://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial.  The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.  For information about the Court's MSC programs for civil cases, visit https://www.lacourt.org/division/civil/CI0047.aspx

Los Angeles Superior Court ADR website:  https://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
**Chatsworth Courthouse**
9425 Penfield Avenue, Chatsworth, CA 91311

PLAINTIFF:
ARSEN SANASARYAN

DEFENDANT:
NEWELL BRANDS INC., et al.

**NOTICE OF CASE MANAGEMENT CONFERENCE**

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles
**04/17/2024**
David W. Slayton, Executive Officer / Clerk of Court
By: _____ K. Keating _____ Deputy

CASE NUMBER:
24CHCV01394

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: 10/17/2024 | Time: 8:30 AM | Dept.: F47 |

NOTICE TO DEFENDANT:    THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: 04/17/2024

Judicial Officer
Melvin D. Sandvig / Judge

**CERTIFICATE OF SERVICE**

I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in Chatsworth _____, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

David Shoop
9701 Wilshire Boulevard Suite 950
Beverly Hills, CA 90212

David W. Slayton, Executive Officer / Clerk of Court

Dated: 04/17/2024

By K. Keating _____
Deputy Clerk

LASC LACIV 132 Rev. 01/23
For Optional Use

**NOTICE OF
CASE MANAGEMENT CONFERENCE**

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter 7KUHH